UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GRANT MITCHELL SAXENA,

     Plaintiff,

v.                                Case No.:  2:22-cv-3-JLB-MRM

PATRICK MICHAEL LAWLOR,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

On February 2, 2022, the Undersigned entered an Order to Show Cause requiring Plaintiff Grant Mitchell Saxena to show cause as to why he failed to submit an affidavit of indigency on an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), and to file a First Amended Complaint, as previously ordered.  (Doc. 5).  Plaintiff failed to respond to the Order to Show Cause, to submit an affidavit of indigency on an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), or to file a First Amended Complaint.  Based upon that failure and the other reasons below, the Undersigned respectfully recommends that this case be dismissed.

## RELEVANT PROCEDURAL BACKGROUND

Plaintiff Grant Mitchell Saxena filed a Complaint on January 3, 2022.  (*See* Doc. 1).  Plaintiff also filed an Application to Proceed In Forma Pauperis (Non-Prisoner Cases Only), which the Undersigned construed as a motion for leave to

proceed *in forma pauperis* under 28 U.S.C. § 1915 and M.D. Fla. R. 6.03.  (*See* Doc. 2).  On January 5, 2022, the Court ordered Plaintiff to submit an affidavit of indigency on an AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form).  (Doc. 4 at 7-8).  The Court also ordered Plaintiff to file a First Amended Complaint that complied with the pleading requirements detailed in the Order.  (*Id.*).  The Court directed Plaintiff to, among other things, file the AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) and the First Amended Complaint no later than January 28, 2022, and warned Plaintiff that failure to comply would result in the Undersigned recommending to the presiding United States District Judge that this action be dismissed.  (*Id.* at 8).  Alternatively, the Court gave Plaintiff the option to pay the filing fee no later than January 28, 2022, and proceed to effectuate service of process on the Defendant by a specified deadline.  (*Id.*).  Plaintiff failed to comply timely with the Court's January 5, 2022 Order.

On February 2, 2022, the Undersigned entered a second Order requiring Plaintiff to show cause why he failed to comply with the Undersigned's January 5, 2022 Order (Doc. 4) and why this action should not be dismissed for want of prosecution.  (Doc. 5).  The Undersigned gave Plaintiff another opportunity to comply with the requirements of the January 5, 2022 Order.  (*Id.* at 2-3).  The Undersigned warned Plaintiff that if he failed to comply, the Undersigned would

recommend to the presiding United States District Judge that this action be dismissed.  (*Id.* at 3).  Plaintiff did not respond.[1]

## ANALYSIS

As explained in the Undersigned's January 5, 2022 Order, 28 U.S.C. § 1915(e)(2) requires the Court to dismiss the case if it determines that the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant who is immune from such relief.  (*See* Doc. 4 at 1-2).  A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  As explained in the Undersigned's January 5, 2022 Order, the Undersigned finds and recommends that the Complaint (Doc. 1) is defective for at least three (3) reasons.  (*See* Doc. 4 at 4-7).

First, Plaintiff brings an action that fails to state a claim on which relief may be granted within the meaning of 28 U.S.C. § 1915(e)(2)(B)(ii) because the Court facially lacks personal jurisdiction over Defendant and venue is facially improper. Here, Plaintiff brings a claim against a citizen of California for an incident that allegedly occurred in California.  (*See* Doc. 1 at 3-4).

---

[1]  The Order was mailed to the address listed in Plaintiff's Complaint.  On February 15, 2022, however, the mailing was returned with a forwarding address.  (Doc. 6). The Order was resent to the forwarding address the same day.  In the interest of justice, the Undersigned has allowed an additional fourteen days for Plaintiff to comply with the February 2, 2022 Order before entering this Report and Recommendation.

To determine whether the Court may exercise personal jurisdiction over a non-resident defendant, the Court must first consider the state's long-arm statute. *PVC Windoors, Inc. v. Babbitbay Const., N.V.*, 598 F.3d 802, 807 (11th Cir. 2010). If the statute provides jurisdiction, the Court then determines whether the defendant has sufficient minimum contacts with the forum state such that "the district court's exercise of jurisdiction over that defendant would [not] 'offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *Internet Solutions Corp. v. Marshall,* 557 F.3d 1293, 1295 (11th Cir. 2009)). Florida's long-arm statute, Fla. Stat. § 48.193, provides two ways in which a defendant may be subject to personal jurisdiction in Florida: specific and general jurisdiction. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018). Pertinent to this case, Fla. Stat. § 48.193(1)(a) confers specific jurisdiction over a defendant for suits arising out of specific enumerated acts. *Pinnacle Ins. & Fin. Servs., LLC v. Sehnoutka*, No. 3:16-cv-546-J-34JBT, 2017 WL 3193641, at *2 (M.D. Fla. July 27, 2017) (citing Fla. Stat. § 48.193(1)(a)). Plaintiff does not allege any facts relevant to any act enumerated in Fla. Stat. § 48.193(1)(a).[2]

---

[2]  To the extent Plaintiff may argue that Defendant committed a tort and is, therefore, subject to personal jurisdiction, Plaintiff has not alleged that the commission of the alleged tort occurred in Florida. *See* Fla. Stat. § 48.193(1)(a)(2). Likewise, to the extent Plaintiff may argue that injuring a person or property in Florida may give rise to specific jurisdiction, such an injury only confers specific jurisdiction if "at or about the time of the injury" "[t]he defendant was engaged in solicitation or service activities within" Florida or "[p]roducts, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use." *See* Fla. Stat. § 48.193(1)(a)(6). The Complaint alleges no facts relevant to subsections (a) or (b) and, therefore, the Court finds Fla. Stat. § 48.193(1)(a)(6) inapplicable.

Thus, Plaintiff has alleged no facts to support the Court's exercise of jurisdiction over Defendant.

Similarly, Plaintiff has not alleged facts to show that venue is appropriate in this Court. (*See* Doc. 1). Venue is appropriate in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Here, the Complaint alleges that the incident occurred in San Francisco, California. (*See* Doc. 1 at 4). Accordingly, Plaintiff has not shown that venue is appropriate in the Middle District of Florida, Fort Myers Division.

Second, Plaintiff does not allege or adequately allege what rights under the Constitution, laws, or treaties of the United States have been violated. In this regard, Plaintiff asserts that his claim arises out of: (1) Fla. Stat. § 95.11(3)(a)—which provides the statute of limitations for actions founded on negligence; (2) Fla. Stat. § 784.011—which defines criminal assault; and (3) Fla. Stat. § 741.30—which governs injunctions for domestic violence. (Doc. 1 at 3). In contrast, the facts alleged in the Complaint suggests that Plaintiff intends to bring a claim for civil battery against Defendant. (*See id.* at 4). Given these discrepancies, the Court finds that Plaintiff has failed to satisfy the purpose of a compliant—*i.e.*, sufficiently "put the defendant on notice of what claims are being advanced." *See Travelers Cas. & Sur. Co. of Am. v. Madsen, Sapp, Mena, Rodriguez & Co., P.A.*, No. 07-60917-CIV-MARRA/JOHNSON, 2008 WL 11399642, at *2 (S.D. Fla. Jan. 31, 2008).

Third, to the extent Plaintiff seeks to bring an action based on Fla. Stat. §
741.30 or Fla. Stat. § 784.011, Plaintiff brings an action that appears to be frivolous
within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) in that the action appears to lack
an arguable basis either in law or in fact.  As to Fla. Stat. § 741.30, Plaintiff offers no
facts alleging or suggesting a domestic relationship exists between Plaintiff and
Defendant.  As to Fla. Stat. § 784.011, Plaintiff cannot bring a civil claim under a
criminal statute.

Plaintiff's failure to timely amend the Complaint to cure these defects, as
ordered, warrants dismissal of the action.  *See* 28 U.S.C. § 1915(e)(2).

In addition, Plaintiff failed to comply with the Undersigned's January 5, 2022
Order to file a First Amended Complaint (Doc. 4) and the Undersigned's February 2,
2022 Order to Show Cause (Doc. 5).  Under M.D. Fla. R. 3.10, "[a] plaintiff's failure
to prosecute diligently can result in dismissal if the plaintiff in response to an order to
show cause fails to demonstrate due diligence and just cause for delay."  Plaintiff's
failure to comply with the Undersigned's Orders is a failure to diligently prosecute
this action and justifies dismissal.  *See* M.D. Fla. R. 3.10.

For the foregoing reasons, the Undersigned finds and respectfully recommends
that Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2) should be
denied and this action should be dismissed.

## CONCLUSION

Based on the foregoing, the Undersigned **RESPECTFULLY**
**RECOMMENDS** that this action be dismissed without prejudice for Plaintiff's

failure to renew timely his motion to proceed *in forma pauperis* or pay the required filing fee, for failing to amend his Complaint to address the deficiencies identified by the Undersigned, for failure to comply with the Court's repeated Orders as detailed above, and for failure to prosecute.

**The Clerk of Court is DIRECTED to mail a copy of this Report and Recommendation to Plaintiff at both the address contained in the Complaint – 2222 SE 2nd Street Cape Coral, FL 33990 – and the forwarding address – 1631 W. Windsong Ln Pahrump, NV 89048.**

**RESPECTFULLY RECOMMENDED** in Fort Myers, Florida on March 2, 2022.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date the party is served a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts

from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to

respond to an objection may do so in writing fourteen days from the date the party is

served a copy of the objection.  To expedite resolution, the parties may also file a

joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties